## Corpman *versus* Baccastow *et al.*

An absolute deed and separate defeasance made at the same time constitute a mortgage, and if the defeasance is not recorded they are to be considered as an unrecorded mortgage and postponed to a judgment of a subsequent date.

May 22d 1877.   Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and STERRETT, JJ.

Error to the Court of Common Pleas of *Dauphin county :* Of May Term 1876, No. 103.

Ejectment by W. S. Corpman against John Baccastow and Daniel Wagner, for a tract of seventy acres of land.

The plaintiff claimed by virtue of a sheriff's deed given to him in pursuance of a sale in April 1870, of the land in dispute, on a judgment obtained by Ballou & Scott, on the 18th of January 1869, against Jacob Corpman.   It appeared that Jacob Corpman purchased the land on the 6th of April 1868, and on the same day he made a deed conveying the same to John Baccastow, for the consideration of $1740.   The deed was recorded on the 9th of July 1868.   It appeared also that, on the 23d of April 1868, Jacob Corpman and Baccastow entered into an agreement wherein it was stipulated, "that if Corpman can pay to Baccastow $500, and the rent on April 1st 1869, he is to have possession of said premises for another year on the same conditions, and so on from year to year until said Corpman has paid to said Baccastow the sum of $1740 and the rent, when said Baccastow shall reconvey said premises to said Corpman ; * * * and should said Corpman fail and not comply with the agreement, and pay to said Baccastow $500, and the rent on the 1st of April next, the said Baccastow and his legal representatives shall have the privilege to sell said premises to the best advantage; and after deducting all arrears and backstanding of his claim and rent, and all expenses of said sale, then the balance, if any, shall be paid to said Corpman or his legal representatives; * * * and said Corpman has the privilege to sell said property at any time within said year, by paying said Baccastow his claim and rents."

This agreement was never recorded.

At the trial, before Pearson, P. J., Baccastow testified that Corpman failed to comply with this agreement, and he then sold the property to Wagner, who dispossessed Corpman.

J. Corpman testified that he had gotten $1740 from Baccastow, who agreed to take a mortgage upon the premises, and receive eight per cent. interest in the form of rent, and that the deed and agreement were both executed on the 23d of April 1868.

The plaintiff's first point was :—

If the jury believe that the deed dated April 6th 1868, and the agreement dated April 23d 1868, were in point of fact executed at

[Corpman *v.* Baccastow.]

the same time then the deed and agreement constitute a mortgage, and not an absolute conveyance.

Answer. " The law is as stated in this point."

His third point was :—

If the deed of April 6th 1868, is found to be simply a mortgage then Jacob Corpman had such an interest in the land upon January 18th 1869, as would be bound by the judgment obtained against him on that day ; and the sheriff's sale under said judgment vested in the purchaser, the plaintiff in this case, the interest which Jacob Corpman had in the premises on the day the judgment was obtained, and just as it was upon the day the judgment was entered.

Answer. " At the time the judgment was obtained under which the plaintiff claims title Jacob Corpman had an interest which was bound by the judgment, subject to the prior mortgage, which was an older lien.  Had not a sale been made on the mortgage prior to the sale by the sheriff, that sale would have vested the equity of redemption in W. S. Corpman ; but as the land was sold by the mortgage creditor in a method which we have decided to be legal, Jacob Corpman had no interest in the land at the time of the sheriff's sale, and therefore W. S. Corpman took nothing by his purchase."

The verdict was for the defendants.  The plaintiffs took this writ, and, *inter alia*, assigned for error the answer to his third point.

*Fleming & McCarrell*, for plaintiff in error.—The deed and agreement constituted a mortgage, and the agreement not having been recorded they must be regarded as an unrecorded mortgage and postponed to subsequent judgment creditors : Friedley *v.* Hamilton, 17 S. & R. 70 ; Jaques *v.* Weeks, 7 Watts 261 ; Manufacturers' & Mechanics' Bank *v.* Bank of Pennsylvania, 7 W. & S. 335 ; Wilson *et al. v.* Shoenberger's Ex'rs, 7 Casey 295.

*R. A. Lamberton* and *Hamilton Alricks*, for defendants in error. —By agreement Jacob Corpman became the tenant, and Baccastow the trustee to sell.  Baccastow then held the legal title for the purpose of selling to pay debts.  Recording the deed was notice that no credit was to be given to Jacob Corpman.  It was however the accompanying agreement which gave power to sell, with the usual provision for a re-conveyance on the execution of the trust. Although judgment creditors are not within the provisions of the recording act, while they might have priority over an unrecorded mortgage, they would have no lien on real estate assigned for payment of debts.  The cases cited by the plaintiff in error do not apply.  This is not the case of any unrecorded *defeasance* alone. Here was a deed of trust coupled with a power to sell.

It has become a common practice to insert in a mortgage a power

[Corpman v. Baccastow.]

of sale upon default of payment: 2 Story Eq. Jur. 1027; Coote on Mortgages, 18 Law Lib. 128.

A sale under such power is final and conclusive in favor of bona fide purchasers, and is a bar to the equity of redemption: Jackson v. Henry, 10 Johns. 185; Carson v. Blakey, 6 Mo. 273; Eaton v. Whiting, 3 Pick. 484, 491; Waters v. Randall, 6 Metcalf 483, 484.

Mr. Justice Paxson delivered the opinion of the court, May 28th 1877.

The deed of Jacob Corpman to John Baccastow dated April 6th 1868, and the agreement of April 23d 1868, were executed at the same time, and taken together constitute a mortgage. The deed was recorded prior to the entry of the Ballou & Scott judgment; the agreement has never been recorded. The plaintiff claims title by virtue of a sheriff's sale under said judgment; the defendants claim by virtue of a sale in pursuance of a power contained in the mortgage. The sale under the mortgage was prior in point of time to the sale by the sheriff upon the judgment. It was contended by the defendants that the sale under the mortgage divested the lien of the judgment, and that Jacob Corpman had no interest in the land at the time of the sheriff's sale. This raises a question of priority of lien. Its solution is not difficult. It was decided in Friedley v. Hamilton, 17 S. & R. 70, that an absolute deed and defeasance, made at the same time, constitute a mortgage; and if the defeasance be not recorded, it is to be considered as an unrecorded mortgage, and postponed to a judgment of subsequent date, notwithstanding the absolute deed has been duly recorded. This principle has been distinctly recognised and affirmed in Jaques v. Weeks, 7 Watts 261; Manufacturers' & Mechanics' Bank v. Bank of Pennsylvania, 7 W. & S. 335; Wilson v. Shoenberger's Ex'rs, 7 Casey 295, and other cases, while in no case has it been doubted or denied. It was contended, however, that this case does not come within the rule referred to for the reason that by the terms of the agreement Baccastow held the legal title for the purpose of selling to pay debts. The force of this position is not apparent. He had no authority to sell for the payment of debts generally. He could only sell for the payment of the particular debt secured by the mortgage. The mortgagor and mortgagee had by their contract provided a special remedy in case of default in the payment of the money. The instrument was none the less a mortgage by reason of this provision contained therein. Its character and legal effect remained unchanged. It was further contended by the defendants that the sale by Baccastow being under a power divested the lien of the judgment. This might have been so had the lien of the judgment been subject to the power. But it was not. The power of sale was merely the remedy created by the mortgage, and as

[Corpman *v.* Baccastow.]

against the judgment the mortgage was not a lien by reason of the failure to record the defeasance. It follows from what has been said that the first assignment of error must be sustained. It was error to say in answer to the plaintiff's third point, that by reason of the sale under the power Jacob Corpman had no interest in the land at the time of the sheriff's sale, and therefore W. S. Corpman took nothing by his purchase. The remaining assignments need not be discussed.

Judgment reversed and a *venire de novo* awarded.